IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BC MEDIA, INC., | ) |
| | ) |
| Plaintiff, | )   2:20-CV-01692-CCW |
| | ) |
| v. | ) |
| | ) |
| ANUJ CHAWLA, ACTIVE PHOTO | ) |
| SERVICES PVT.LTD., | ) |
| | ) |
| Defendants. | ) |

### **MEMORANDUM ORDER FOR ALTERNATIVE SERVICE**

Before the Court is Plaintiff BC Media, Inc.'s Motion for Alternative Service. ECF No. 12. For the reasons that follow, BC Media's Motion will be GRANTED.

**I.    Background**

In this case, BC Media alleges that Defendants Anuj Chawla and Active Photo Services PVT. Ltd. have infringed on certain patents owned by BC Media. *See, generally,* ECF No. 1. Chawla and Active Photo are both residents of India. *See id.* at ¶¶ 2–3.

BC Media filed its Complaint on November 4, 2020, *see id.*, and thereafter attempted to serve Chawla and Active Photo in accordance with the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents (to which India is a signatory) and Federal Rule of Civil Procedure 4(f)(1) by "sending a Request for Service Abroad of Judicial or Extrajudicial Documents…to India's Central Authority." *See* ECF No. 13 at 1–2. Nearly six months have passed since BC Media first attempted service, and BC Media's repeated requests for information regarding its request for service on Chawla and Active Photo have gone unanswered by India's Central Authority. *See id.* at 2–3; *see also* ECF Nos. 13-2 & 13-3.

However, despite service not having been formally accomplished, Chawla and Active Photo appear to have actual notice of BC Media's lawsuit. *See* ECF No. 13 at 2. BC Media reports that beginning sometime in early February, 2021, the parties corresponded regarding the lawsuit and possible settlement of BC Media's claims. *See id.* Furthermore, in early April 2021, counsel for BC Media received correspondence from counsel, located in Utah, who purport to represent Chawla and Active Photo for purposes of BC Media's patent-infringement claims. *See id.* at 3. The letter from Chawla and Active Photo's U.S.-counsel notes that (1) they have a copy of the complaint, (2) Chawla and Active Photo have not been formally served, and (3) counsel is not authorized to accept service. *See* ECF No. 13-5.

Given the long (and potentially unlimited) delay in obtaining service through India's Central Authority and because Chawla and Active Photo appear to be avoiding service despite actual knowledge of the lawsuit, BC Media requests that the Court authorize alternative service pursuant to Rule 4(f)(3). *See* ECF No. 13 at 3.

**II.     Discussion**

Under Federal Rule of Civil Procedure 4(f)(1), service on individuals and entities residing in a foreign country may be accomplished "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." *See also* Fed. R. Civ. P. 4(h)(2) (authorizing service on foreign entity in manner prescribed by 4(f), except personal service). Alternatively, Rule 4(f)(3) permits service "by other means not prohibited by international agreement, as the court orders."

"The decision of whether to allow alternative service of process under Rule 4 is committed to the district court's sound discretion." *Henry F. Teichmann, Inc. v. Caspian Flat Glass OJSC*,

2

Civil Action No. 2:13-cv-458, 2013 U.S. Dist. LEXIS 54299, at *1 (W.D. Pa. Apr. 16, 2013) (citing *Knit With v. Knitting Fever, Inc.*, No. 08-4221, 2010 U.S. Dist. LEXIS 129870, at *9 (E.D. Pa. Dec. 7, 2010)). Indeed, "[s]ervice pursuant to Rule 4(f)(3) is 'neither a last resort nor extraordinary relief…It is merely one means among several which enables service of process on an international defendant." *Knit With*, 2010 U.S. Dist. LEXIS 129870 at *9 (quoting *Rio Props., v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)). As such, "'[t]he only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement.'" *Id.* (quoting *Prediction Co. LLC v. Rajgarhia*, No. CIV.A.09-7459, 2010 U.S. Dist. LEXIS 26536, at *3 (S.D.N.Y. Mar. 22, 2010)). Finally, the alternative means of service must "comport[] with constitutional notions of due process" such that "the method of service…provides 'notice reasonably calculated, under the all the circumstances, to apprise interested parties of the pendency of the action and afford them opportunity to present their objections." *Teichmann*, 2013 U.S. Dist. LEXIS 54299 at *4–*5 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Here, although India has declared its objections to alternative means of service under Article 10 of the Hague Convention, including service by regular mail, India has not objected to e-mail service and the majority of courts to address the issue have found that e-mail service "does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10." *See FTC v. Pecon Software Ltd.,* 12 Civ. 7186 (PAE)*,* 2013 U.S. Dist. LEXIS 111375, at *12 (S.D.N.Y. Aug. 7, 2013) (collecting cases);  *see also Vaswani, Inc. v. Manjunathamurthy,* Civil Action No. 2:20-cv-20288-KSH-CLW, 2021 U.S. Dist. LEXIS 75223*,* at *10-*11 (D.N.J. Apr. 19, 2021) (concluding majority view is that e-mail service allowable for defendants in India because India has not specifically objected to it).

Finally, the Court concludes that service via e-mail, as proposed by BC Media, comports with due process and will provide adequate notice under the circumstances. The Court notes that BC Media has corresponded with Chawla and Active Photo by e-mail; as such, we are satisfied that Chawla and Active Photo are "likely to receive the summons and complaint at the given email address." *See Vaswani*, 2021 U.S. Dist. LEXIS 75223, at *6 (permitting e-mail service on defendants located in India). The same applies with BC Media's proposed service of the summons and Complaint on Defendants' U.S.-based counsel. *See Marks Law Offices, LLC v. Mireskandari*, 704 Fed. Appx. 171, 177 (3d Cir. 2017) (approving service on attorney under Rule 4(f)(3)). As such, the Court will authorize service of the Summons and Complaint on Defendants via e-mail as proposed by BC Media in its Motion.

### III.   Conclusion

For the foregoing reasons, it is hereby ORDERED that Plaintiff BC Media, Inc.'s Motion for Alternative Service is GRANTED, and Plaintiff shall serve the Summons and Complaint upon Defendants Anuj Chawla and Active Photo Services PVT. Ltd., t/d/b/a ProAim, by emailing the Complaint and Summons to Anuj Chawla and Active Photo Services PVT, Ltd., t/d/b/a ProAim at info@proaim.com, with a copy to Stephen Bean, Defendants' Counsel, at steve@legendslaw.com. Service shall be complete and effective as to Anuj Chawla and Active Photo Services PVT. Ltd., t/d/b/a ProAim, upon filing proof of service as directed.

IT IS SO ORDERED.

DATED this 30th day of April, 2021.

5

BY THE COURT:

<u>/s/ Christy Criswell Wiegand</u>
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record